## No. 71.

### Jean M. Tupery v. W. P. Harper, Civil Sheriff.

1. Individuals may renounce what the law has established in their favor, when thereby the rights of others are not affected and where the renunciation is not contrary to public good. C. C. Art. 11.

2. A renunciation, however, by an insolvent debtor in favor of a particular creditor, dispensing with any of the forms of law, by which the value of his property sold under execution is diminished, is contrary to good morals.

3. A sheriff, aware of the insolvency of the debtor, who executes an order of sale, waiving the formalities and delays of advertisement, although such sale is consented to by the seizing creditor, is liable in damages to a creditor who has suffered by such a proceeding.

4. The price brought by the property so sold will not be taken as a standard of its value.

5. The court in such cases will give full damages, but not more than have been actually sustained.

*Appeal from the Fifth District Court. Cullom, Judge.*

*W. E. Murphy* for plaintiff.

*W. S. Benedict* for appellant.

Rogers, J.—The defendant appeals from a judgment rendered against him for the sum of one thousand dollars, resulting from an action brought by plaintiff to recover damages for the seizure and sale of certain movable property upon which

he had the right of pledge.  One Joseph Miramon, an embarrassed and insolvent debtor, had been condemned in a suit brought by the Tennessee Chair Manufacturing Company, and by virtue of a writ of *fi. fa.* issued in the suit, the furniture pledged by him to plaintiff was seized. and with his, Miramon's, consent, delays were waived and the property sold after only one day's advertisement.  Tupery at first declined to permit the seizure, demanding that he should be paid the amount due him, and for which he held the goods in pledge.  He was finally compelled to submit, and the goods were taken to the sheriff's warehouse.  This seizure was made on the 7th of April.  On the 8th or 9th, being the day or two after, the sheriff was again notified by plaintiff, through his counsel, that he would file proceedings at once as the pledgee of the property.  On the 10th of April, the property was sold after one day's advertisement, made by consent of Miramon and the Tennessee Chair Manufacturing Company.  On the 11th, the funds realized from the sale were turned over to the plaintiff, the Chair Company; no intimation was given to Tupery, though it is indisputable that the sheriff was aware of the nature and extent of his claim.  While we do not desire to dispute the proposition that the delays provided by law for the advertisement was made for the benefit of the defendant, and that, therefore, these delays may be waived, we must consider other provisions of law equally as sacramental.  Individuals may renounce what the law has established in their favor, when the renunciation does not affect the rights of others and is not contrary to public good.  C. C. Art. 11.

It is shown that Miramon was insolvent, and to the knowledge of the sheriff.  The sheriff must have known that the consent of a debtor in insolvent circumstances to dispense with any of the forms of law in the sale of his property under execution, by which its value is diminished, is a renunciation contrary to good morals.  1 La. An. 297–340.

There is no doubt the haste which characterized the seizure and sale in this case diminished the value of the articles

sold, and we do not consider, therefore, the amount of this sale as a standard of the value, we prefer to take the testimony of plaintiff.

We consider the defendant liable for the damages sustained. 15 La. An. 491; 20 La. An. 570. But we do not consider plaintiff entitled to recover more than the amount of his pledge; we think defendant actually sustained damage to that amount. 15 La. An. 163. Plaintiff admits to have received, prior to the seizure, the sum of forty-two dollars, which must be deducted. We think there should be recognized the following items of the demand: One hundred and seventy-four dollars with legal interest from July 21, 1873, to April 7, 1874, and for one hundred and seventy dollars, with like interest from July 22, 1873, to April 7, 1874; for cartage, $6; storage, $28; insurance, $26; these items are allowed under Art. 3167, C. C.

The judgment of the lower court is amended so as to read, that there be judgment in favor of J. M. Tupery, against the defendant, Mrs. Mary Lelia Montan, widow and testamentary executrix of W. P. Harper, for the sum of four hundred and four dollars; that on one hundred and seventy-four dollars of said amount plaintiff recover legal interest from July 21, 1873, to April 7, 1874; that on the sum of one hundred and seventy dollars thereof legal interest from July 22, 1873, to April 7, 1074; and that from the judgment thus rendered, be deducted the sum of forty-two dollars; that as thus amended, the judgment be affirmed, appellee paying costs of appeal, defendant those of the lower court.